UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
MONROE DIVISION

**CYRUS PIERCE**  **CIVIL ACTION NO. 09-1512 "P**
**LA. DOC #131185**

**JUDGE ROBERT G. JAMES**

**VS.**

**MAGISTRATE JUDGE HAYES**

**SHERIFF STEVEN MAY, ET AL.**

REPORT AND RECOMMENDATION

*Pro se* plaintiff Cyrus Pierce, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on August 20, 2009. When he filed his complaint, plaintiff was an inmate in the custody of Louisiana's Department of Public Safety and Corrections (LDOC). He was incarcerated at the David Wade Corrections Center, however he complained that he was denied appropriate medical care while he was incarcerated at the Caldwell Parish Detention Center (CPDC). While his complaint was being reviewed pursuant to 28 U.S.C. §1915 and §1915A, he was released from custody and he returned to his residence in New Orleans.

*Statement of the Facts*

Plaintiff filed his *pro se* civil rights complaint and his application to proceed *in forma pauperis* on August 20, 2009. [Docs. 1 and 2] On September 1, 2009 he was granted *in forma pauperis* status. [Doc. 3] On September 9, 2009 he notified the Court of his release from custody and his address change was duly noted by the Clerk of Court. [Doc. 4] On December 17, 2009, the undersigned completed an initial review and directed plaintiff to amend his complaint on or before January 19, 2010. [Doc. 5] Plaintiff has not responded to that order.

*Law and Analysis*

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "For failure of the plaintiff to prosecute or to comply with ... any order of court..." The district court also has the

inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co.*, 370 U.S. 626, 630-31, 82 S.Ct. 1386, 1388-89, 8 L.Ed.2d 734 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). Plaintiff was directed to amend his complaint; he has failed to do so within the time limits set by the order.

Therefore,

**IT IS RECOMMENDED** that plaintiff's Civil Rights Complaint be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers at Monroe, Louisiana, March 16, 2010.

_____
KAREN L. HAYES
U. S. MAGISTRATE JUDGE